FILED
United States Court of Appeals
Tenth Circuit

January 9, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENHT CIRCUIT

---

JAMES L. DORSEY,

      Petitioner - Appellant,

v.

DAVID R. MCKUNE, Warden,
Lansing Correctional Facility;
STEPHEN N. SIX, Attorney General
of Kansas,

      Respondents - Appellees.

No. 08-3146
(D.C. No. 07-CV-03204-JWL)
(D. Kan.)

---

ORDER
DENYING CERTIFICATE OF APPEALABILITY

---

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

---

Defendant-Appellant James L. Dorsey, a state inmate appearing pro se,

seeks a certificate of appealability ("COA") to appeal the district court's denial of

his 28 U.S.C. § 2254 habeas petition. Because we conclude that Mr. Dorsey has

not made "a substantial showing of the denial of a constitutional right," 28 U.S.C.

§ 2253(c)(2), we deny his request for a COA and dismiss the appeal. See Slack v.

McDaniel, 529 U.S. 473, 484 (2000).

Mr. Dorsey was convicted and sentenced to 45 months' imprisonment on a

single count of aggravated indecent liberties with a child in violation of Kan. Stat.

Ann. § 21-3504. On direct appeal, the Kansas Court of Criminal Appeals affirmed the conviction. See State v. Dorsey, No. 91,016, 2006 WL 619172 (Kan. Ct. App. Mar. 10, 2006) (unpublished). The Kansas Supreme Court denied review. Thereafter, Mr. Dorsey sought federal post-conviction relief asserting nine claims for relief. Upon the district court's denial of relief, see Dorsey v. McKune, 553 F. Supp. 2d 1287 (D. Kan. 2008), Mr. Dorsey now requests a COA from this court asserting that: (1) the prosecutor improperly vouched for the credibility of the victim in her closing argument, (2) the trial court erred in allowing certain expert testimony by a rebuttal witness for the prosecution, (3) the trial court erred in granting the prosecution's motion in limine, thus excluding evidence of prior unfounded allegations of sexual abuse by the victim, (4) the trial court erred in admitting Mr. Dorsey's statements, which he claims were made involuntarily and in violation of Miranda v. Arizona, (5) the trial court erred in denying Mr. Dorsey's motion for a new trial based on newly-discovered evidence, and (6) the district court erred in determining that the cumulative effect of trial errors did not deny Mr. Dorsey a fair trial.

To obtain a COA from this court, Mr. Dorsey must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. Before a federal court may grant relief on a claim adjudicated on the merits in state court proceedings, a petitioner must demonstrate that the state court's decision on that claim was

"contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2). "The question . . . is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." Schriro v. Landrigan, 127 S. Ct. 1933, 1939 (2007). After reviewing the record proper, we DENY a COA substantially for the reasons set forth in the district court's well-reasoned opinion and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge